**Carlos Antonio HERRERA–AGUIRRE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 11–70719, 12–72355.**

United States Court of Appeals, Ninth Circuit.

· ed by 9th Cir. R. 36–3.

Submitted Aug. 13, 2014.*

Filed Aug. 19, 2014.

Carlos Antonio Herrera–Aguirre, Corona, CA, pro se.

Todd J. Cochran, OIL U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Carlos Antonio Herrera–Aguirre, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 11–70719). Herrera–Aguirre also petitions for review of the BIA's denial of his motion to reopen removal proceedings, and motion for reconsideration (No. 12–72355). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). In petition No. 11–70719, we dismiss in part, deny in part, and grant in part, and we remand. In petition No. 12–72355, we dismiss.

We lack jurisdiction to review Herrera–Aguirre's unexhausted claim that the government improperly charged him as removable based on a prior conviction. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

The government's motion to strike the evidence submitted by Herrera–Aguirre that is not contained in the administrative record is granted. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

Substantial evidence supports the BIA's denial of CAT relief because Herrera–Aguirre failed to establish that it is more likely than not he would be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008). We reject Herrera–Aguirre's contention that the agency applied the wrong standard. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1196 (9th Cir.2003) (the correct inquiry is whether a public official would demonstrate willful blindness or turn a blind eye to torture).

In denying Herrera–Aguirre's asylum and withholding of removal claims, the agency found he failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder,* 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder,* 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–,* 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Herrera–Aguirre's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

curiam). In light of this remand, we do not reach Herrera–Aguirre's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

Further, in light of our grant and remand, we dismiss the petition for review in No. 12–72355 because there is no final order of removal.

Each party shall bear its own costs for these petitions for review. No. 11–70719: **PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

No. 12–72355: **PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.